**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00076-CR**
_____

**MICHAEL WAYNE STARNES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 27075**

**MEMORANDUM OPINION**

A grand jury indicted Michael Wayne Starnes (Starnes or Appellant) for retaliation, a third-degree felony. *See* Tex. Penal Code Ann. § 36.06. Appellant pleaded "not guilty," a jury found him guilty of the offense charged, and the trial court assessed punishment at ten years of confinement. Appellant timely appealed.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, he concluded that the appeal lacks merit and that there are no

1

arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Starnes to file a pro se brief, and Starnes filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

That said, we find that the written judgment of conviction in this case contains a non-reversible clerical error. The trial court's judgment contains a clerical error because it incorrectly reflects that the jury assessed punishment, whereas the record reflects that the court assessed punishment. This Court has the authority to modify the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b) (providing that the court of appeals may "modify the trial court's judgment and

2

affirm it as modified"); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that the court of appeals has the power to reform judgments to correct clerical errors); *Hopper v. State*, 483 S.W.3d 235, 240-41 (Tex. App.—Fort Worth 2016, pet. ref'd) (modifying judgment to reflect that the trial court, not the jury, assessed punishment). Accordingly, we modify the trial court's judgment in Trial Court Cause Number 27075 to reflect that the court assessed punishment, and we affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

_____
LEANNE JOHNSON
Justice

Submitted on October 1, 2020
Opinion Delivered October 14, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[1] Starnes may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3